People v Amo (2024 NY Slip Op 05377)

People v Amo

2024 NY Slip Op 05377

Decided on October 31, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 31, 2024

CR-23-0604
[*1]The People of the State of New York, Respondent,
v
Chad T. Amo, Appellant.

Calendar Date:October 4, 2024

Before:Garry, P.J., Egan Jr., Pritzker, Powers and Mackey, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Keith F. Schockmel of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Appeal from a judgment of the County Court of St. Lawrence County (Gregory P. Storie, J.), rendered July 7, 2022, which revoked defendant's probation and imposed a sentence of imprisonment.
In 2018, defendant was sentenced to a five-year term of probation based upon his guilty plea to two counts of making a terroristic threat as well as criminal possession of a controlled substance in the fifth degree and criminal mischief in the third degree. Thereafter, in August 2019, defendant was charged with violating probation. Defendant admitted to violating certain terms of probation, with the understanding that County Court would revoke his probation and he would be required to participate in a substance abuse treatment program and, subsequently, placement in a halfway house. However, County Court made no commitment as to resentencing should defendant be unsuccessful in his treatment program. After defendant's unsuccessful discharge from substance abuse treatment in September 2020, the court revoked his probation and resentenced him to consecutive prison terms of three years, to be followed by three years of postrelease supervision, on both of his convictions for making a terroristic threat and to lesser concurrent terms of incarceration on the remaining convictions. Defendant appeals.
Defendant's sole contention on appeal is that the sentence imposed is harsh and excessive. We disagree. The underlying offenses and defendant's repeated probation violations are indicative of his enduring struggle with substance abuse. Yet, despite being afforded multiple opportunities over the course of several years, defendant has been unsuccessful in addressing his admitted difficulties in this regard. Notably, the record reflects that defendant absconded from his most recent period of probation supervision and, thereafter, committed an additional unrelated crime which was resolved by this resentencing. In view of the foregoing and in consideration of the severity of defendant's underlying criminal conduct, we do not find the sentence imposed, which was well below the maximum permissible sentence, to be unduly harsh or severe (see CPL 470.15 [6] [b]; People v Stoudt, 227 AD3d 1229, 1230 [3d Dept 2024]).
Garry, P.J., Egan Jr., Pritzker, Powers and Mackey, JJ, concur.
ORDERED that the judgment is affirmed.